```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                     COLUMBUS DIVISION
```

HOMER DOUGLAS COBB, IV,            *

    Plaintiff,                 *

vs.                                *

DONALD J. TRUMP, MICHAEL R.        *
PENCE, GEORGIA LOTTERY                     CASE NO. 4:19-CV-66 (CDL)
CORPORATION, STATE OF GEORGIA,     *
BRIAN P. KEMP, GRETCHEN CORBIN,
STATE OF ALABAMA, and KAY IVY,     *

    Defendants.                *

O R D E R

The Court ordered Plaintiff to serve Defendants by August 13, 2019 "in accordance with the Federal Rules of Civil Procedure" and file proof of that service by August 20, 2019.  Order (July 23, 2019), ECF No. 8.  The Court warned that failure to file proof of service would result in the dismissal of Plaintiff's Complaint against Defendants without prejudice.  In response to the Court's Show Cause Order, Plaintiff asserted that he served Defendants by mailing a copy of the complaint and waiver of service of summons to Defendants by first class certified mail.  Proof of Service 1, ECF No. 10.  As evidence of this service, Plaintiff attached copies of return receipts, USPS tracking forms, and certified mail receipts indicating he mailed each Defendant these papers.  *Id*. at 3-7.  Because Plaintiff's attempted service failed to comply with

the Federal Rules of Civil Procedure, his Complaint is dismissed without prejudice.[1]

Under the Federal Rules of Civil Procedure, "[t]he plaintiff is responsible for having [a] summons and [the] complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1).[2] The present record establishes that Plaintiff never served Defendants, by mail or otherwise, with a summons. He only mailed Defendants the complaint and a waiver of service. Indeed, the record indicates that the clerk of Court did not issue a summons in this case until August 21, 2019—well over ninety days after Plaintiff filed his Complaint and eight days after the Show Cause Order's extended deadline for Plaintiff to serve Defendants expired. *See* Summons, ECF Nos. 13-14. It was Plaintiff's

---

[1] Plaintiff asks the undersigned to recuse from this case because the undersigned has treated Plaintiff less favorably than it would treat licensed attorneys. Mot. to Order Def.'s to Replay Are Resign, ECF No. 15. Plaintiff's only evidence of the undersigned's alleged misconduct seems to be the Court's alleged slow pace. The Court did not take action in this case until the period of time for service of process ran and Plaintiff could demonstrate proof of service. Plaintiff filed his recusal motion accusing the Court of delays three days after his response to the Court's Show Cause Order was due. This minor delay in taking action in this case does not demonstrate that the undersigned has a personal bias or prejudice against Plaintiff or that the undersigned's impartiality might reasonably be questioned. *See* 28 U.S.C. § 144; 28 U.S.C. § 455. Therefore, Plaintiff's request for the undersigned's disqualification is denied.

[2] Plaintiff is not proceeding in forma pauperis in this action, and Plaintiff never filed a motion requesting service to be made by a United States marshal, deputy marshal, or someone specially authorized by the Court. Therefore, the responsibility for properly serving Defendants rested at all times with Plaintiff. *See* Fed. R. Civ. P. 4(c)(1), (c)(3).

responsibility to obtain a signed and sealed summons from the clerk of Court to serve on Defendants.  *See* Fed. R. Civ. P. 4(b) ("On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal.  If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant.").  It appears that Plaintiff did not obtain that summons until after the time for service of process under Federal Rule of Civil Procedure 4(m) and the Court's additional deadline for service in the Show Cause Order expired.  And he has produced no proof that he ever subsequently served the summons.

Even if Plaintiff had included the summons with his mailing to Defendants, service would have likely been improper.  The Federal Rules allow a Plaintiff to request waiver of service of a summons and complaint. Fed. R. Civ. P. 4(d)(1).  And "[w]hen the plaintiff files a waiver, proof of service is not required and these rules apply as if a summons and complaint had been served at the time of filing the waiver." Fed. R. Civ. P. 4(d)(4).  But, Defendants have the option not to waive service of the summons and complaint, and, when that happens, Plaintiff still has the duty to formally serve them with the summons and complaint as required by the Federal Rules.  *See* Fed. R. Civ. P. 4(d)(4) advisory committee's note to 1993 amendment ("The revised rule is clear that, if the waiver is not returned and filed, . . . the action

will not otherwise proceed until formal service of process is effected."). Here, Plaintiff never filed proof that Defendants signed the waiver of summons and complaint or otherwise agreed to waive formal service. Although Plaintiff filed a "waiver of service" with the Court on June 21, 2019, that document did not contain any of Defendants' signatures. *See* Waiver of Service, ECF No. 6. Merely filing a blank waiver of service with the Court and mailing Defendants a waiver of service did not relieve Plaintiff of his responsibility to properly serve Defendants a copy of the summons and complaint. Because he did not do so within the time period specified in the Court's Show Cause Order and because he did not show good cause for failing to do so, the Court dismisses his Complaint without prejudice.

    IT IS SO ORDERED, this 28th day of October, 2019.

                                            S/Clay D. Land
                                            CLAY D. LAND
                                            CHIEF U.S. DISTRICT COURT JUDGE
                                            MIDDLE DISTRICT OF GEORGIA